IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ESTHER LEWIS | * |
| Appellant, | Case No.: GJH-16-2440 |
| v. | |
| U.S. TRUSTEE, | |
| Appellee. | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Appellant Esther Lewis, proceeding *pro se*, has filed an appeal of the U.S. Bankruptcy Court's June 9, 2016 order dismissing her case, terminating the automatic stay imposed pursuant to 11 U.S.C. § 362(a) and imposing a two-year equitable servitude as to Lewis' interests in real property. *See* ECF No. 1; ECF No. 1-1. For the reasons that follow, Appellant's Appeal is dismissed.

**I. DISCUSSION**

Bankruptcy Rule 8018 requires Appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." *See* Fed. R. Bankr. P. 8018(a)(1). The Designation of Record was docketed on August 9, 2016, ECF Nos. 3-6, and on August 10, 2016, Appellant was sent a letter notifying her that she had 30 days to file her brief. ECF No. 7. On October 4, 2016, this Court granted Appellant a 30-day extension to file a brief. ECF No. 10. On November 23, 2016, this Court granted Appellant an additional

1

30 days to file a brief. ECF No. 12. For a third time, on January 26, 2017, the Court again granted Appellant an additional 14 days to file a brief. ECF No. 14.

On February 10, 2017, after failing to receive Appellant's brief for approximately five months, the Court ordered Appellant to show cause why her appeal should not be dismissed for failure to comply with Fed. R. Bankr. P. 8018(a)(1). ECF No. 15. Appellant was warned that failure to respond to the order within seven days would lead to dismissal of the appeal.[1] To date, the Court has not received any response to the show cause order.

Local Rule 404.3 permits the Court to dismiss an appeal for non-compliance with Bankruptcy Rule 8018 "after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." *See* Loc. R. 404.3 (D. Md. 2016). Also, Fed. R. Bankr. P. 8003(2) (formerly cited as Rule 8001(a)) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court…to act as it considers appropriate, including dismissing the appeal." In determining whether to dismiss a bankruptcy appeal for a 8003(2) violation, a district court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; [and] (4) indicate that it considered the impact of the sanction and available alternatives." *In re Harris*, 129 F.3d 1259, *2 (4th Cir. 1997) (unpublished) (citing *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992); *see also In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (noting all factors should be considered and the second factor alone is insufficient to dismiss an appeal).

---

[1] Because Appellant is pro-se, this order, and all other orders in this case, was mailed to her address of record.

Appellant's failure to serve and file a brief within the time required by the Federal Rules of Bankruptcy Procedure is negligent. The Designation of Record was docketed on August 9, 2016, ECF Nos. 3-6, and Plaintiff was notified that she had 30 days to file her brief. ECF No. 7. The Court subsequently granted Plaintiff three extensions, providing her with ample time to comply. ECF Nos. 10, 12, 14. In addition, the Court provided Appellant with notice that her time had expired and an opportunity to explain her failure to comply with the filing deadlines. ECF No. 15. Since then, over two weeks have passed without any response from Appellant.

Further, Appellant's failure to comply with Bankruptcy Rule 8018 and the Court's Order, "burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." *McDaniel v. Fed. Nat. Mortg. Ass'n*, No. RWT 14-CV-0626, 2015 WL 1522942, at *3 (D. Md. Mar. 31, 2015)(discussing failure to follow procedural rules in a bankruptcy appeal). The Court also takes judicial notice of the fact that Appellant has filed five bankruptcy cases since 2008 and the instant case was filed "only months after a prior Chapter 11 [case] was dismissed for failure to file a plan and disclosure statement." *See In re Lewis*, No. 15-17249-DWK (Bankr. D. Md. 2016), B. Dkt. at 38.[2] Appellant's delay also prejudices her creditors by depriving them of the opportunity to take advantage of the Bankruptcy Court's decision to lift the automatic stay and impose a two-year equitable servitude as to Lewis' interests in real property. ECF No. 1.

Although the Court recognizes that dismissal of a bankruptcy appeal for a procedural error is a harsh remedy that should not be imposed lightly, *see In re Serra Builders*, 970 F.2d at 1311, anything less would be futile given that Appellant has failed to pursue this appeal in a timely manner. *See Tekmen v. John E. Harms, Jr. & Assocs., Inc.*, 2011 WL 5061874 at *5 (D.

---

[2] To avoid confusion, documents found on the Bankruptcy Docket will be identified as "B. Dkt.".

Md. Oct. 25, 2011)(". . . this Court finds that dismissal is nonetheless appropriate where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation for their neglect.").

## II. CONCLUSION

Accordingly, Appellant's Appeal, ECF No. 1, is hereby dismissed. A separate Order follows.

Dated: February 27, 2017

GEORGE J. HAZEL
United States District Judge