IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

2018 FEB 22 A 11: 11

ESTHER LEWIS,

    Appellant,

v.

U.S. TRUSTEE,

    Appellee.

Case No.: GJH-16-2440

**MEMORANDUM OPINION**

On February 27, 2017, this Court dismissed *pro se* Appellant Esther Lewis' appeal of the U.S. Bankruptcy Court's June 19, 2016 order that dismissed her case, terminated the automatic stay imposed pursuant to 11 U.S.C. § 362(a) and imposed a two-year equitable servitude as to Lewis' interests in real property. *See* ECF No. 17. Presently pending before the Court is Lewis' Motion for Reconsideration of this Court's February 27 Order, ECF No. 18. The U.S. Trustee has not filed a reply. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Lewis' Motion is denied.

**I.    DISCUSSION**

Lewis filed a timely notice of appeal of the Bankruptcy Court's order on June 30, 2016. ECF No. 1. Thereafter, the Designation of Record from the Bankruptcy Court was docketed on August 6, 2016, ECF Nos. 3–6, and Lewis was sent a letter notifying her that, pursuant to Bankruptcy Rule 8018, she had 30 days to file her appeal brief. ECF No. 7. The Court then granted Lewis three separate 30- or 15-day extensions. ECF Nos. 10, 12, 14. Lewis requested

1

these extensions for a number of reasons including, but not limited to, out of town travel, separate pre-existing court matters, and hospitalization. ECF Nos. 9, 11, 13.

On February 10, 2017, after waiting five months for Lewis to file her brief, the Court ordered Lewis to show cause why her appeal should not be dismissed for failure to comply with Rule 8018 and was warned that failure to respond would lead to dismissal of her appeal. ECF No. 15. On February 27, having not received a response to the Show Cause Order, the Court dismissed Lewis' appeal. The Court found that dismissal was warranted because Lewis' failure to file a timely brief was negligent, Lewis was on notice that her time had expired, and Lewis was given an opportunity to explain her failure to comply. *See Lewis v. U.S. Trustee*, No. GJH-16-2440, 2017 WL 772407 (D. Md. Feb. 27, 2017) (docketed as ECF No. 16). Thirty-four (34) days later, on April 4, 2017, Lewis filed a Motion for Reconsideration of the Court's Order. ECF No. 18. Lewis requests the Court to re-open the case and accept her brief for the following reasons: she is a disabled veteran and her medical condition required her to be on bed rest for an extended period of time; "there was a problem with the mail hold and delivery;" and she has been working very hard on three matters that were in existence before the subject case herein. *Id.* ¶¶ 2–4.

Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment for six enumerated reasons; none of which even potentially apply here except excusable neglect and the catch-all reason "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1); 60(b)(6).[1] In *Pioneer Inv. Services Co. v. Brunswick Associates LTD Partnership*, 507 U.S. 380 (1993), the Supreme Court provided guidance on the meaning of excusable neglect, concluding that a determination of excusable neglect "is at bottom an

---

[1] Though Lewis does not specify the Federal Rule she is relying on for her Motion, the Court construes her Motion as a Motion for Relief From a Judgment or Order under Rule 60(b).

2

equitable one, taking account of all relevant circumstances surrounding the party's omission," which include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. While *Pioneer* focused on excusable neglect in the context of Bankruptcy Rule 9006(b)(1), its definition of excusable neglect is applicable to other procedural rules. *See Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (applying *Pioneer* to Federal Rule of Appellate Procedure 4(a)(5)); *Wainwright's Vacations, LLC v. Pan American Airways Corp.*, 130 F. Supp. 2d 712, 725 (D. Md. 2001) (applying *Pioneer* to Rule 60(b)(1)).

While the U.S. Trustee has not filed a reply to Lewis' Motion, the Court has previously stated that Lewis' delay in this matter prejudices her creditors by depriving them of the opportunity to take advantage of the Bankruptcy Court's decision. *Lewis*, 2017 WL 772407, at *2. Additionally, the reasons offered by Lewis for her neglect are not persuasive. While Lewis suggests that she was on bed rest and had a problem with "mail hold and delivery," Lewis does not indicate that she was unaware of the Court's Show Cause Order or explain why she was unable to file any response with the Court for almost two months after her final extension had expired. Moreover, Lewis' statement that she had other legal matters only indicates that she prioritized other cases ahead of the subject appeal. Finally, all of these issues could have been raised in a request for an extension of time or in response to the Court's Show Cause Order; but they do not rise to the level necessary to establish excusable neglect. *See Thompson*, 76 F.3d at 534 ("'Excusable neglect' is not easily demonstrated, nor was it intended to be.").[2]

---

[2] Lewis' stated reasons are also insufficient to merit relief under Rule 60(b)(6). *See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 303 (4th Cir. 2017) (relief under the 60(b)(6) catchall section requires "extraordinary circumstances that justify such unusual powers").

3

## II. CONCLUSION

For the foregoing reasons, Lewis' Motion for Reconsideration, ECF No. 18, shall be denied. A separate Order follows.

Dated: February 22, 2018

GEORGE J. HAZEL
United States District Judge

4